## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WM INTERNATIONAL, INC. and SHAOGUAN RISEN TRADING CORPORATION LTD.,** | <u>Case No. 17-cv-6198</u> |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **99 RANCH MARKET #601, 99 RANCH MART #602, J-MART OF BENSONHURST, TRISTAR FOOD WHOLSALE CO., INC. d/b/a T.F. CO. and/or d/b/a LEADING SWALLOW BRAND and TIAN LIU,** | <u>Jury Trial Demanded</u> |
| Defendants. | <u>ECF Case</u> |

Plaintiffs, Shaoguan Risen Trading Corporation Ltd. ("SRT") and WM International, Inc. ("WMI") (collectively "Plaintiffs"), by and through its attorneys, Lackenbach Siegel, LLP, for its complaint against defendants, 99 Ranch Market #601 ("RM601"), 99 Ranch Market #602 ("RM602"), J-Mart of Bensonhurt ("J-Mart"), Tristar Food Wholesale Co., Inc. ("Tristar") and Tian Liu ("Liu") (collectively "Defendants"), hereby alleges as follows:

### NATURE OF ACTION

1.      In this action, Plaintiffs seek injunctive relief, lost profits, damages and attorneys' fees for Defendants' acts of willful trademark and trade dress infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and trade mark and trade dress infringement and dilution, deceptive acts and practices, injury to business reputation and dilution, and unfair competition under the common law and statutes of the State of New York, and cancellation of Liu's U.S. Trademark Registration based upon priority and likelihood of confusion.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

3.     The actions of Defendants complained of in this Complaint have been and continue to be committed within the Eastern District of New York.

4.     Upon information and belief, RM601 is a business entity organized and existing under the laws of the State of New Jersey, with its place of business located at 561 U.S. Route 1, Edison, New Jersey 08817.

5.     Upon information and belief, RM602 is a business entity organized and existing under the laws of the State of New Jersey, with its place of business located at 420 Grand Street, Jersey City, New Jersey 007302.

6.     Upon information and belief, J-Mart is a business entity organized and existing under the laws of the State of New York, with its place of business located at 8121 New Utrecht Avenue, Brooklyn, New York 11214.

7.     Tristar is a corporation organized and existing under the laws of the State of New Jersey.  Tristar's principal place of business is located at 115 Amity Street, Jersey City, NJ 07304. Upon information and belief, Tristar offers for sale and sells, and/or imports, goods into this judicial district.

8.     Upon information and belief, Liu is a citizen and resident of the Republic of China and offers for sale and sells, and/or imports, goods into this judicial district.  Upon information and belief, Liu is the officer, director, shareholder, employee and/or agent of Tristar, and has aided, abetted, controlled, actively directed and caused Tristar to commit the acts complained of herein as the alter ego of Tristar.

9.      Upon information and belief, Defendants contract to supply goods and/or services, and/or transact business in this State and/or within this judicial district, and/or market, solicit and/or transact business with citizens of this State; and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the willful and illegitimate use of trademark, trade dress and goodwill, have caused harm to Plaintiffs within this judicial district. Accordingly, personal jurisdiction exists over Defendants pursuant to NYCPLR §§ 301 and 302.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

11.     SRT is a corporation existing under the laws of the People's Republic of China, having its principal place of business at Room 302, Foreign Economic And Trade Commission Office Building, Wenchang Road, Rucheng Town, Ruyuan County, Shaoguan, Guangdong, China.

12.     WMI is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 8 Bay 22nd Street, Fl. 2, Brooklyn, New York 11214.

13.     Upon information and belief, RM601 is a business entity organized and existing under the laws of the State of New Jersey, with its place of business located at 561 U.S. Route 1, Edison, New Jersey 08817.

14.     Upon information and belief, RM602 is a business entity organized and existing under the laws of the State of New Jersey, with its place of business located at 420 Grand Street, Jersey City, New Jersey 007302.

15.     Upon information and belief, J-Mart is a business entity organized and existing under the laws of the State of New York, with its place of business located at 8121 New Utrecht Avenue, Brooklyn, New York 11214.

16.     Upon information and belief, Tristar is a corporation organized and existing under the law of the State of New Jersey.  Tristar's principal place of business is located at 115 Amity Street, Jersey City, NJ 07304.

17.     Upon information and belief, Liu has a home address located at Room 1702, No.11 Building, No.10 Pazhou Huiyue Second Street, Haizhu District Guangzhou, Guangdong, China, and is the operating/directing individual of Tristar.

18.     Upon information and belief, Liu is the officer, director, shareholder, employee and/or agent of Tristar, and has aided, abetted, controlled, actively directed and caused Tristar to commit the acts complained of herein as the alter ego of Tristar.

## FACTUAL ALLEGATIONS

19.     SRT is the manufacturer of the Double Swallow Brand Kong Moon Rice Stick Noodles ("SRT's Noodles").

20.     SRT has adopted and uses the mark DOUBLE SWALLOW BRAND & Design on and in connection with the sale of SRT's Noodles (the "DSB Trademark").

21.     SRT is the owner of U.S. Trademark Registration No. 1,568,672 for the DSB Trademark (the "Registration").  Attached hereto as Exhibit 1 is a true and correct copy of the DSB Registration.

22.     SRT's DSB Trademark has a first use date of April 1, 1979.

23.     The DSB Trademark has become incontestable.

4

24.     In addition to the DSB Trademark, SRT owns and has established common law rights in and to the marks DOUBLE SWALLOW BRAND (the "Wordmark"), and the double swallow logo (the "Logo").  Attached hereto as Exhibit 2 is a true and correct copy of the Logo. (The DSB Trademark, Wordmark, and Logo are collectively referred to as "SRT's Marks.")

25.     The Wordmark has been used in commerce as early as April 1, 1979.

26.     The Logo has been used in commerce as early as April 1, 1979.

27.     SRT's Marks are used on and in connection with SRT's Noodles.

28.     SRT's Marks are inherently distinctive and strong.

29.     SRT's Marks are currently in use and have never been abandoned.

30.     Because of Plaintiffs' extensive use and promotions of SRT's Marks, and in light of the unsolicited media coverage and/or notoriety pertaining to SRT's Noodles and SRT's Marks, SRT's Marks have become distinctive and prominent, and indicates a single source of origin of SRT's Noodles, and have acquired a secondary meaning.

31.     In connection with Plaintiffs' use of SRT's Marks, SRT also uses proprietary and distinct packaging for SRT's Noodles ("SRT's Trade Dress").  Attached hereto as Exhibit 3 is a true copy and example of SRT's Trade Dress.

32.     Contributing to SRT's Trade Dress, and for purposes of permitting the Court to analyze the trade dress and issue appropriate injunctive relief (but without limiting the legal definition or breadth of SRT's Trade Dress), SRT's Trade Dress includes essentially the following elements, without limitation, which contribute to its overall look and feel: a package consisting of three separate portions, a top middle and bottom; the top is comprised of a yellow background having a gold chalice on the center thereon that is centered between and separates eight red Chinese characters thereon (four characters on each side); a large middle portion that is

transparent as to view the noodles; a centered red square background on the large middle portion having a gold stylized border; on the top center of the red square is SRT's Marks; the positioning of English and Chinese text centered throughout the red square; the bottom comprised of an orange background having many equidistant white Logos thereon in a honeycomb pattern; and a white and red border on the edges of the packaging.

33.     SRT's Trade Dress is inherently distinctive and strong.

34.     Because of Plaintiffs' extensive use and promotions of SRT's Trade Dress, and in light of the media coverage and notoriety pertaining to SRT's Noodles and SRT's Trade Dress, SRT's Trade Dress has become distinctive, indicates a single source of origin for SRT's Noodles, and has acquired a secondary meaning.

35.     WMI is an importer and distributor of various food products that are offered and sold into and throughout the United States.

36.     WMI purchases, imports, distributes, offers for sale and sells the SRT Noodles in and to the United States pursuant to an exclusive distributor agreement by and between SRT and WMI.

37.     WMI is the only authorized seller and distributor of SRT Noodles in the United States.

**Defendants' Infringing Activities**

38.     Plaintiffs recently became aware that Defendants are selling Kong Moon Rice Stick Noodles ("Defendants' Noodles").

39.     Upon information and belief, Tristar and/or Liu sells and imports Defendants' Noodles into the United States and sells and/or distributes Defendants' Noodles for retail sale.

40.     Defendants RM601, RM602 and J-Mart, all respectively offer for sale and sell Defendants' Noodles at retail.

41.     In connection with the offering for sale and sale of Defendants' Noodles, Defendants' Noodles utilizes the trademark LEADING SWALLOW BRAND & Design ("Defendants' Infringing Swallow Mark").

42.     The Infringing Swallow Mark is subject to U.S. Trademark Registration No. 5,232,338, which is currently owned by Liu ("Liu's Registration").

43.     The Infringing Swallow Mark's date of first use is January 1, 2014.

44.     Upon Defendants' Noodles, in addition to Defendants' Infringing Swallow Mark, Defendants have affixed a seal consisting of the words DOUBLE SWALLOW SERIES ("Defendants' Infringing Wordmark") and an exact duplication of SRT's Logo (collectively "Defendants' Infringing Seal").

45.     In addition to Defendants' Infringing Swallow Mark and Defendants' Infringing Seal, Defendants' Noodles are sold under packaging that is substantially similar to SRT's Trade Dress ("Defendants' Infringing Trade Dress")(Defendants' Infringing Swallow Mark, Defendants Infringing Wordmark, Defendants' Infringing Seal and Defendants' Infringing Trade Dress are collectively referred to as "Defendants' Infringing Designations").  Attached hereto as Exhibit 4 is a true and accurate example of Defendants' Noodles utilizing Defendants' Infringing Designations.

46.     Defendants' Infringing Trade Dress includes, without limitation: a package consisting of three separate portions, a top middle and bottom; the top comprised of a yellow background having a red chalice on the center thereon that is centered between and separates eight red Chinese characters thereon (four characters on each side); a large middle portion that is

transparent as to view the noodles; a centered red square background on the large middle portion having a gold stylized border; on the top center of the red square is the Infringing Mark; the positioning of English and Chinese text centered throughout the red square; the bottom comprised of an orange background having many equidistant white logos (the logos are essentially consisting of the Infringing Mark) thereon in a honeycomb pattern; and a white and red border on the edges of the packaging.

47.     Without the authorization and/or consent of SRT, and after Plaintiffs built up extensive and valuable business and goodwill in connection with SRT's Marks and SRT's Trade Dress, Defendants commenced to use Defendants' Infringing Designations on and in connection with Defendants' Noodles.

48.     Defendants' Infringing Swallow Mark is similar in sight, sound and connotation to SRT's DSB Trademark.

49.     Defendants' Infringing Wordmark is similar in sight, sound and connotation to SRT's Wordmark.

50.     Defendants' Infringing Seal is similar in sight, sound and connotation to SRT's DSB Trademark.

51.     Defendants' Infringing Seal is similar in sight, sound and connotation to SRT's Wordmark.

52.     Defendants' Infringing Seal is similar in sight and connotation to SRT's Logo.

53.     Defendants Infringing Trade Dress is substantially similar to SRT's Trade Dress.

54.     Upon information and belief, defendants Tristar and/or Liu were aware of Plaintiffs and Plaintiffs' use of SRT's Marks and SRT's Trade Dress in connection with SRT's

Noodles at the time defendants Tristar and/or Liu adopted and began to use Defendants' Infringing Designations.

55.     Upon information and belief, defendants Tristar and/or Liu adopted Defendants' Infringing Designations with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefitting from the good will and public recognition associated with SRT's Marks and SRT's Trade Dress and diverting sales from Plaintiffs to Defendants.

56.     Plaintiffs and Defendants are or will be engaged in the business of providing identical products to the same class of customers, through the same or similar channels of trade.

57.     Plaintiffs and Defendants are or will be engaged in the business of providing identical products that are in close proximity with each other.

58.     The aforementioned acts of Defendants have caused and will continue to cause actual confusion and a likelihood of confusion in the minds of the trade and the public, and will damage Plaintiffs' reputation and goodwill in connection with SRT's Marks and SRT's Trade Dress.

## COUNT I
## CANCELLATION - PRIORITY AND LIKELIHOOD OF CONFUSION

59.     Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

60.     SRT has commenced use in commerce of SRT's DSB Trademark in April 1979.

61.     Defendants commenced use in commerce of the Infringing Swallow Mark in January 2014.

62.     SRT has commenced use in commerce of SRT's DSB Trademark before Defendants commenced use in commerce of the Infringing Swallow Mark.

63.     SRT's DSB Trademark and the Infringing Swallow Mark are substantially similar.

64.     SRT's DSB Trademark and the Infringing Swallow Mark are similar in sight.

65.     SRT's DSB Trademark and the Infringing Swallow Mark are similar in sound.

66.     SRT's DSB Trademark and the Infringing Swallow Mark are similar in connotation.

67.     SRT's DSB Trademark and the Infringing Swallow Mark are confusingly similar.

68.     SRT's Noodles sold under its DSB Trademark are identical and/or closely related to Defendants' Noodles sold under the Infringing Swallow Mark.

69.     SRT's Noodles and Defendants' Noodles are of a type sold through the same channels of trade and to the same class(es) of customers, and such goods would reasonably be expected by the trade and purchasing public to emanate from, or be sponsored by, the same source.

70.     Defendants' Infringing Swallow Mark creates an overall commercial impression and connotation that is confusingly similar to that created by SRT's DSB Trademark.

71.     Because of the substantial similarity between SRT's DSB Trademark and the Infringing Swallow Mark, continued use and registration of the Infringing Swallow Mark by Defendants on identical and/or closely related goods is likely to cause confusion, deception, and mistake as to the origin of Plaintiffs' goods, and to confuse, mislead and deceive members of the public into believing that Defendants' goods originate from and/or are sponsored, approved or licensed by Plaintiffs, or are in some other way connected with Plaintiffs; or that Defendants are in some way connected and/or affiliated  with and/or sponsored by Plaintiffs.

72.     Because the Infringing Swallow Mark is confusingly similar to SRT's DSB Trademark, any faults or imperfections in Defendants' goods bearing the Infringing Swallow Mark will reflect adversely on SRT's DSB Trademark, Plaintiffs, and Plaintiffs' established goodwill and reputation, all to the detriment of Plaintiffs.

73.     Because Liu's Registration for the Infringing Swallow Mark is currently valid and subsisting, Liu has at least *a prima facie* exclusive right to use the Infringing Swallow Mark, and such right is a source of damage and injury to Plaintiffs.

74.     For the foregoing reasons, Liu's Registration should be cancelled pursuant to 15 U.S.C. § 1064 because SRT's DSB Trademark has priority over the Infringing Swallow Mark and there is a likelihood of confusion between the parties respective marks under Section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)).

## COUNT II
## REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)
### [Infringement of DSB Trademark by Defendants' Infringing Swallow Mark]

75.     Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

76.     The DSB Registration for the DSB Trademark constitutes *prima facie* evidence of the validity of the DSB Trademark and of the registration of the mark, of SRT's ownership of the DSB Trademark, and of SRT's right to use the mark in commerce on or in connection with the goods specified in the Registration.

77.     SRT's DSB Trademark is a strong trademark, based on both its inherent and commercial strength.

78.     The DSB Trademark has become incontestable.

79.     The DSB Trademark and DSB Registration are both valid and subsisting.

80.     Defendants' use of Defendants' Infringing Swallow Mark on and/or in connection with the offering for sale and sale of Defendants' Noodles creates the likelihood of confusion with Plaintiffs, SRT's DSB Trademark, and with Plaintiffs' offering for sale and sale of SRT's Noodles.

81.     Defendants' Infringing Swallow Mark is confusingly similar to the DSB Trademark in sight, sound and connotation.

82.     SRT's goods, namely SRT's Noodles, are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods, namely Defendants' Noodles.

83.     Upon information and belief, defendants Tristar and/or Liu were aware of Plaintiffs and of Plaintiffs' use of the DSB Trademark prior to the time defendants Tristar and/or Liu selected and commenced using Defendants' Infringing Swallow Mark.

84.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks and the identicalness of the parties' respective goods, defendants Tristar's and/or Liu's conduct constitutes willful trademark infringement.

85.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks and the identicalness of the parties' respective goods, defendants Tristar and/or Liu adopted and use Defendants' Infringing Swallow Mark with the intent of causing confusion among consumers with the purpose of benefitting from Plaintiffs' reputation and goodwill.

86.     As a result of Defendants' conduct, a strong likelihood of confusion, mistake, or deception, and many persons familiar with SRT's DSB Trademark, SRT's Noodles and Plaintiffs' reputation and favorable goodwill are likely to buy Defendants' goods in belief that

Defendants are affiliated with or sponsored by Plaintiffs, and/or that the goods sold by Defendants originate from Plaintiffs or are provided by or otherwise authorized or sponsored by Plaintiffs.

87.     By virtue of Defendants' conduct, Defendants are engaged in infringement of SRT's DSB Trademark, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using a mark wherein such use is likely to cause confusion, or to cause mistake or to deceive.

88.     Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Plaintiffs have been and will be deprived of rights and profits which otherwise would have come to Plaintiffs, but for such infringement.

89.     Plaintiffs have no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

90.     Defendants' acts are willful, malicious and wanton and Defendants will continue their acts of willful infringement unless enjoined by this Court.

91.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs'  monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT III
## REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)
[Infringement of DSB Trademark by Defendants' Infringing Seal]

92.     Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

93.     The DSB Registration for the DSB Trademark constitutes *prima facie* evidence of the validity of the DSB Trademark and of the registration of the mark, of SRT's ownership of the DSB Trademark, and of SRT's right to use the mark in commerce on or in connection with the goods specified in the Registration.

94.     SRT's DSB Trademark is a strong trademark, based on both its inherent and commercial strength.

95.     The DSB Trademark has become incontestable.

96.     The DSB Trademark and DSB Registration are both valid and subsisting.

97.     Defendants' use of Defendants' Infringing Seal on and/or in connection with the offering for sale and sale of Defendants' Noodles creates the likelihood of confusion with Plaintiffs, SRT's DSB Trademark, and with Plaintiffs' offering for sale and sale of SRT's Noodles.

98.     Defendants' Infringing Seal is confusingly similar to the DSB Trademark in sight, sound and connotation.

99.     SRT's goods, namely SRT's Noodles, are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods, namely Defendants' Noodles.

100.    Upon information and belief, defendants Tristar and/or Liu were aware of Plaintiffs and of Plaintiffs' use of the DSB Trademark prior to the time defendants Tristar and/or Liu selected and commenced using Defendants' Infringing Seal.

101.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks and the identicalness of the parties' respective goods, defendants Tristar's and/or Liu's conduct constitutes willful trademark infringement.

102.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks and the identicalness of the parties' respective goods, defendants Tristar and/or Liu adopted and use Defendants' Infringing Seal with the intent of causing confusion among consumers with the purpose of benefitting from Plaintiffs' reputation and goodwill.

103.    As a result of Defendants' conduct, a strong likelihood of confusion, mistake, or deception, and many persons familiar with SRT's DSB Trademark, SRT's Noodles and Plaintiffs' reputation and favorable goodwill are likely to buy Defendants' goods in belief that Defendants are affiliated with or sponsored by Plaintiffs, and/or that the goods sold by Defendants originate from Plaintiffs or are provided by or otherwise authorized or sponsored by Plaintiffs.

104.    By virtue of Defendants' conduct, Defendants are engaged in infringement of SRT's DSB Trademark, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using a mark wherein such use is likely to cause confusion, or to cause mistake or to deceive.

105.    Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Plaintiffs have been and will be deprived of rights and profits which otherwise would have come to Plaintiffs, but for such infringement.

106.    Plaintiffs have no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

107.    Defendants' acts are willful, malicious and wanton and Defendants will continue their acts of willful infringement unless enjoined by this Court.

108.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs'  monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT IV
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a))
[Infringement of DSB Trademark by Defendants' Infringing Swallow Mark and Defendants' Infringing Seal]

109.    Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

110.    SRT's DSB Trademark is a strong trademark, based on both its inherent and commercial strength.

111.    The DSB Trademark has acquired distinctiveness and a secondary meaning.

112.    The DSB Trademark is incontestable.

113.    The DSB Trademark is valid and subsisting.

114.    Defendants' use of Defendants' Infringing Swallow Mark and Defendants' Infringing Seal on and/or in connection with the offering for sale and sale of Defendants' Noodles creates the likelihood of confusion with Plaintiffs, SRT's DSB Trademark, and with Plaintiffs offering for sale and sale of SRT's Noodles.

115.    Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are confusingly similar to the DSB Trademark in sight, sound and connotation.

116.    SRT's goods, namely SRT's Noodles, are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods, namely Defendants' Noodles.

117.    Upon information and belief, defendants Tristar and/or Liu were aware of Plaintiffs and of Plaintiffs' use of the DSB Trademark prior to the time defendants Tristar and/or Liu selected and commenced using Defendants' Infringing Swallow Mark and Defendants' Infringing Seal.

118.    Upon information and belief, based upon, without limitation, the similarity between SRT's DSB Trademark and Defendants' Infringing Swallow Mark and Defendants' Infringing Seal and the identicalness of the parties' respective goods, defendants Tristar's and/or Liu's conduct constitutes willful trademark infringement.

119.    Upon information and belief, based upon, without limitation, the similarity between SRT's DSB Trademark and Defendants' Infringing Swallow Mark and Defendants' Infringing Seal and the identicalness of the parties' respective goods, defendants Tristar and/or Liu adopted and use Defendants' Infringing Swallow Mark and Defendants' Infringing Seal with the intent of causing confusion among consumers with the purpose of benefitting from Plaintiffs' reputation and goodwill.

120.    The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are affiliated with, sponsored or controlled by Plaintiffs.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Plaintiffs' favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

121.    The acts of Defendants constitute infringement of the DSB Trademark, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are in some manner affiliated with, originate from, and/or are sponsored by Plaintiffs, and by misrepresenting the nature and/or origin of Defendants' goods, are all in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

122.    The acts of Defendants have caused irreparable harm and damage to Plaintiffs and will continue to cause irreparable harm to Plaintiffs, and have caused and will continue to cause Plaintiffs to suffer monetary damage in an amount thus far not determined.

123.    Plaintiffs have no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

124.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs'  monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of

this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT V
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT ' 43(a))
[Infringement of SRT's Wordmark by Defendants' Infringing Swallow Mark and Defendants' Infringing Seal]

125.     Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

126.     SRT's Wordmark is a strong trademark, based on both its inherent and commercial strength.

127.     The Wordmark has acquired distinctiveness and a secondary meaning.

128.     The Wordmark is incontestable.

129.     The Wordmark is valid and subsisting.

130.     Defendants' use of Defendants' Infringing Swallow Mark and Defendants' Infringing Seal on and/or in connection with the offering for sale and sale of Defendants' Noodles creates the likelihood of confusion with Plaintiffs, SRT's Wordmark, and with Plaintiffs offering for sale and sale of SRT's Noodles.

131.     Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are confusingly similar to the Wordmark in sight, sound and connotation.

132.     SRT's goods, namely SRT's Noodles, are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods, namely Defendants' Noodles.

133.     Upon information and belief, defendants Tristar and/or Liu were aware of Plaintiffs and of Plaintiffs' use of the Wordmark prior to the time defendants Tristar and/or Liu

selected and commenced using Defendants' Infringing Swallow Mark and Defendants' Infringing Seal.

134.    Upon information and belief, based upon, without limitation, the similarity between SRT's Wordmark and Defendants' Infringing Swallow Mark and Defendants' Infringing Seal and the identicalness of the parties' respective goods, defendants Tristar's and/or Liu's conduct constitutes willful trademark infringement.

135.    Upon information and belief, based upon, without limitation, the similarity between SRT's Wordmark and Defendants' Infringing Swallow Mark and Defendants' Infringing Seal and the identicalness of the parties' respective goods, defendants Tristar and/or Liu adopted and use Defendants' Infringing Swallow Mark and Defendants' Infringing Seal with the intent of causing confusion among consumers with the purpose of benefitting from Plaintiffs' reputation and goodwill.

136.    The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are affiliated with, sponsored or controlled by Plaintiffs.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Plaintiffs' favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

137.    The acts of Defendants constitute infringement of SRT's Wordmark, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are in some manner affiliated with, originate from, and/or are sponsored by

Plaintiffs, and by misrepresenting the nature and/or origin of Defendants' goods, are all in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

138.    The acts of Defendants have caused irreparable harm and damage to Plaintiffs and will continue to cause irreparable harm to Plaintiffs, and have caused and will continue to cause Plaintiffs to suffer monetary damage in an amount thus far not determined.

139.    Plaintiffs have no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

140.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs' monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT VI
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT ' 43(a))
[Infringement of SRT's Wordmark by Defendants' Infringing Wordmark]

141.    Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

142.    SRT's Wordmark is a strong trademark, based on both its inherent and commercial strength.

143.    The Wordmark has acquired distinctiveness and a secondary meaning.

144.    The Wordmark is incontestable.

145.    The Wordmark is valid and subsisting.

146.    Defendants' use of Defendants' Infringing Wordmark on and/or in connection with the offering for sale and sale of Defendants' Noodles creates the likelihood of confusion with Plaintiffs, SRT's Wordmark, and with Plaintiffs offering for sale and sale of SRT's Noodles.

147.    Defendants' Infringing Wordmark is confusingly similar to the Wordmark in sight, sound and connotation.

148.    SRT's goods, namely SRT's Noodles, are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods, namely Defendants' Noodles.

149.    Upon information and belief, defendants Tristar and/or Liu were aware of Plaintiffs and of Plaintiffs' use of the Wordmark prior to the time defendants Tristar and/or Liu selected and commenced using Defendants' Infringing Wordmark.

150.    Upon information and belief, based upon, without limitation, the similarity between SRT's Wordmark and Defendants' Infringing Wordmark and the identicalness of the parties' respective goods, defendants Tristar's and/or Liu's conduct constitutes willful trademark infringement.

151.    Upon information and belief, based upon, without limitation, the similarity between SRT's Wordmark and Defendants' Infringing Wordmark and the identicalness of the parties' respective goods, defendants Tristar and/or Liu adopted and use Defendants' Infringing Wordmark with the intent of causing confusion among consumers with the purpose of benefitting from Plaintiffs' reputation and goodwill.

152.     The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or Defendants' Infringing Wordmark is affiliated with, sponsored or controlled by Plaintiffs.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Plaintiffs' favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

153.     The acts of Defendants constitute infringement of SRT's Wordmark, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or Defendants' Infringing Wordmark are in some manner affiliated with, originate from, and/or are sponsored by Plaintiffs, and by misrepresenting the nature and/or origin of Defendants' goods, are all in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

154.     The acts of Defendants have caused irreparable harm and damage to Plaintiffs and will continue to cause irreparable harm to Plaintiffs, and have caused and will continue to cause Plaintiffs to suffer monetary damage in an amount thus far not determined.

155.     Plaintiffs have no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

156.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs'  monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of

this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT VII
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT ' 43(a))
[Infringement of SRT's Logo by Defendants' Infringing Swallow Mark and Defendants' Infringing Seal]

157.    Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

158.    SRT's Logo is a strong trademark, based on both its inherent and commercial strength.

159.    The Logo has acquired distinctiveness and a secondary meaning.

160.    The Logo is incontestable.

161.    The Logo is valid and subsisting.

162.    Defendants' use of Defendants' Infringing Swallow Mark and Defendants' Infringing Seal on and/or in connection with the offering for sale and sale of Defendants' Noodles creates the likelihood of confusion with Plaintiffs, SRT's Logo, and with Plaintiffs offering for sale and sale of SRT's Noodles.

163.    Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are confusingly similar to the Logo in sight and connotation.

164.    SRT's goods, namely SRT's Noodles, are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods, namely Defendants' Noodles.

165.    Upon information and belief, defendants Tristar and/or Liu were aware of Plaintiffs and of Plaintiffs' use of the Logo prior to the time defendants Tristar and/or Liu

selected and commenced using Defendants' Infringing Swallow Mark and Defendants' Infringing Seal.

166.    Upon information and belief, based upon, without limitation, the similarity between SRT's Logo and Defendants' Infringing Swallow Mark and Defendants' Infringing Seal and the identicalness of the parties' respective goods, defendants Tristar's and/or Liu's conduct constitutes willful trademark infringement.

167.    Upon information and belief, based upon, without limitation, the similarity between SRT's Logo and Defendants' Infringing Swallow Mark and Defendants' Infringing Seal and the identicalness of the parties' respective goods, defendants Tristar and/or Liu adopted and use Defendants' Infringing Swallow Mark and Defendants' Infringing Seal with the intent of causing confusion among consumers with the purpose of benefitting from Plaintiffs' reputation and goodwill.

168.    The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are affiliated with, sponsored or controlled by Plaintiffs.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Plaintiffs' favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

169.    The acts of Defendants constitute infringement of SRT's Logo, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or Defendants' Infringing Swallow Mark and Defendants' Infringing Seal are in some manner affiliated with, originate from, and/or are sponsored by

Plaintiffs, and by misrepresenting the nature and/or origin of Defendants' goods, are all in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

170.    The acts of Defendants have caused irreparable harm and damage to Plaintiffs and will continue to cause irreparable harm to Plaintiffs, and have caused and will continue to cause Plaintiffs to suffer monetary damage in an amount thus far not determined.

171.    Plaintiffs have no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

172.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs' monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT VIII**
**TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
**FALSE DESCRIPTION, AND UNFAIR COMPETITION LANHAM ACT § 43(a)**

173.    Plaintiffs repeat and reallege each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

174.    SRT's Trade Dress is inherently distinctive.

175.    SRT's Trade Dress has acquired distinctiveness and secondary meaning.

176.    SRT's Trade Dress is not functional.

177.    SRT's Trade Dress is valid and subsisting.

178.    Plaintiffs offer for sale and sell SRT's Noodles under and/or in connection with SRT's Trade Dress.

179.    Defendants' offer for sale and sell Defendants' Noodles using the Infringing Trade Dress.

180.    Defendants' Infringing Trade Dress is confusingly similar to SRT's Trade Dress.

181.    Defendants' Infringing Trade Dress infringes SRT's Trade Dress.

182.    The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continued to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or their Infringing Trade Dress are affiliated with, sponsored and/or controlled by Plaintiffs.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Plaintiffs' favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

183.    The acts of Defendants constitute infringement of SRT's Trade Dress, and Defendants' use, marketing and/or sale of products using the Infringing Trade Dress creates a false designation of origin and false representations, and constitute unfair competition, all by inducing the erroneous belief that Defendants and/or Defendants' Noodles using the Infringing Trade Dress are in some manner affiliated with, originate from, or are sponsored by Plaintiffs, and by misrepresenting the nature and/or origin of Defendants' Noodles are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

184.    Upon information and belief, the Defendants' infringing acts were taken willfully and intentionally, with Defendants' prior knowledge of Plaintiffs and SRT's Trade Dress, and

with the specific intent to cause confusion among consumers and to otherwise take advantage of Plaintiffs' reputation and good will.

185.    The acts of Defendants have caused irreparable harm and damage to Plaintiffs and will continue to cause irreparable harm to Plaintiffs, and have caused and will continue to cause Plaintiffs to suffer monetary damage in an amount thus far not determined.

186.    Plaintiffs have no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

187.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs'  monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT IX
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

188.    Plaintiffs repeat and reallege each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

189.    SRT's Marks and SRT's Trade Dress are inherently distinctive.

190.    SRT's Marks and SRT's Trade Dress have acquired distinctiveness and a secondary meaning.

191.    SRT's Marks and SRT's Trade are valid and subsisting.

192.    Upon information and belief, the foregoing acts of Defendants were committed willfully, intentionally, and with bad faith.

193.    Upon information and belief, with Defendants' prior knowledge of Plaintiffs, SRT's Marks and SRT's Trade Dress, defendants Tristar and/or Liu intentionally adopted and are using Defendants' Infringing Designations with the intent of causing confusion, mistake and deception as to the source of Defendants' goods sold using Defendants' Infringing Designations, with the intent to palm-off Defendants' goods as those of Plaintiffs and to misappropriate the efforts and good will of Plaintiffs.

194.    The foregoing acts of Defendants have created a likelihood of confusion.

195.    The foregoing acts of Defendants, including Defendants' use of Defendants' Infringing Designations, constitute trademark and trade dress infringement, in violation of the common law of the State of New York.

196.    The foregoing acts of Defendants, including Defendants' use of Defendants' Infringing Designations, constitute unfair competition, in violation of the common law of the State of New York.

197.    The foregoing acts of Defendants have injured and will continue to injure Plaintiffs, by depriving Plaintiffs of sales of their genuine goods, by injuring Plaintiffs' business reputation, and by passing off Defendants' goods as those of Plaintiffs', all in violation of the common law of the State of New York.

198.    Defendants' foregoing acts have caused irreparable harm and damage to Plaintiffs and have caused Plaintiffs monetary damage in an amount thus far not determined, for which Plaintiffs are entitled to their actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

199.    Plaintiffs have no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

200.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiffs' monetary damages caused by Defendants' wrongful conduct, Plaintiffs are informed and believe and, based upon such information and belief, allege that said conduct has resulted in irreparable, direct and proximate damages to Plaintiffs.  Plaintiffs seek leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT X
## TRADEMARK INFRINGEMENT AND DILUTION
## AND DECEPTIVE ACTS AND PRACTICES

201.    Plaintiffs repeat and reallege each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

202.    The foregoing acts of Defendants constitute willful, deceptive acts and practices in the conduct of business, trade and/or commerce, in violation of New York Gen. Bus. Law § 349, for which Plaintiffs are entitled to injunctive relief, actual damages, treble damages, punitive damages, attorneys' fees, and costs.

203.    The forgoing acts of Defendants will create a likelihood of injury to the public image and business reputation of Plaintiffs, in that the public will likely associate Defendants goods with Plaintiffs' goods, and cause the dilution of the distinctive quality of SRT's Marks and SRT's Trade Dress, in violation of New York Gen. Bus. Law § 360-l, for which Plaintiffs are entitled to injunctive relief.

204.    The foregoing acts of Defendants were calculated and designed intentionally to mislead and deceive the public and trade as to the identity of Defendants or as to the connection of Defendants with Plaintiffs, in violation of New York Gen. Bus. Law § 133, for which Plaintiffs are entitled to injunctive relief.

**WHEREFORE**, Plaintiffs demands judgment against Defendants as follows:

A.    That Defendants' conduct serves to infringe SRT's DSB Trademark in violation of Lanham Act § 32, 15 U.S.C. § 1114.

B.    That Defendants' conduct serves to infringe SRT's Marks, falsely designate the origin of Defendants' goods, falsely describe such goods, and unfairly compete with Plaintiffs, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

C.    That Defendants' conduct serves to infringe SRT's Trade Dress, falsely designate the origin of Defendants' goods, falsely describe such goods, and unfairly compete with Plaintiffs, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

D.    That Defendants' conduct constitutes trade mark and trade dress infringement and unfair competition under the common law of the State of New York.

E.    That Defendants' conduct violates the provisions of New York Gen. Bus. Law §§ 349, 360-l and 133, and constitutes willful and deceptive acts and practices, trade dress infringement and dilution and injury to Plaintiffs' business reputation.

F.    That Defendants' and its agents, officers, directors, servants, employees, attorneys, their successors and assigns, and all others in active concert or participation with Defendants' be preliminarily and permanently enjoined from directly or indirectly:

      i.      Using SRT's Marks and SRT's Trade Dress, Defendants' Infringing Designations or any other trade mark or trade dress which is similar to or are colorable imitations of  SRT's Marks and SRT's Trade Dress;

      ii.     Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendants' goods and services;

      iii.    Otherwise unfairly competing with SRT and/or WMI or committing dilution, infringement and/or injury to/of Plaintiffs' rights.

G.      That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiffs, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

H.      That the Court award judgment in favor of Plaintiffs for the damages sustained by Plaintiffs and the profits made by Defendants as a result of Defendants' wrongful conduct.

I.      That the Court award judgment in favor of Plaintiffs in the amount of treble damages.

J.      That the Court award judgment against Defendants for the full costs of this action, including Plaintiffs' reasonable attorneys' fees.

K.      That the Court award to Plaintiffs punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

L.      That this Court require a full and complete accounting of all monies received by Defendants as a result of the sales under Defendants' Infringing Designations.

M.      For interest on all amounts found to be due to Plaintiffs from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due.

N.      That the Court require Defendants to notify Defendants' commercial associates, suppliers and customers of said Order.

O.      That the Court order such other, further and different relief as the nature of this action may require and that the Court may deem just and proper.

P.      That the Court retain jurisdiction of this action for the purpose of enabling WMI to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

## Jury Trial

Plaintiffs request that the matters set forth herein be tried by a jury.

Dated: Scarsdale, New York          Respectfully submitted,
        October 24, 2017

                                    **LACKENBACH SIEGEL LLP**

                                    By: */s/ Robert B. Golden*
                                         Robert B. Golden (RG 6157)
                                         Jeffrey M. Rollings (JR 6940)
                                         One Chase Road
                                         Scarsdale, New York 10583
                                         (914) 723-4300
                                         (914) 723-4301 (fax)
                                         RGolden@LSLLP.com
                                         JRollings@LSLLP.com
                                         *Attorneys for Plaintiffs*



# Exhibit 1

**(To Complaint)**

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 1,568,672

**United States Patent and Trademark Office**

Registered Nov. 28, 1989

10 Year Renewal

Renewal Term Begins Nov. 28, 1999

## TRADEMARK
## PRINCIPAL REGISTER



GUANGDONG CEREALS & OILS IMPORT & EXPORT CORPORATION (CHINA CORPORATION)
5-10/F GUITIAN BUILDING
703 GUANGZHOU ROAD
SOUTH, GUANGZHOU, CHINA, BY CHANGE OF NAME, BY CHANGE OF NAME CHINA NATIONAL CEREALS, OILS AND FOODSTUFFS, IMPORT & EXPORT CORPORATION (GUANG-DONG) (CHINA CORPORATION) NEW YORK, NY

NO CLAIM IS MADE TO THE EXCLU-SIVE RIGHT TO USE "BRAND", APART FROM THE MARK AS SHOWN.

THE LINING IN THE MARK IS NOT INTENDED TO INDICATE COLOR, AND THE SHADING IN THE MARK IS A FEATURE OF THE MARK.

THE ENGLISH TRANSLATION OF THE FOREIGN CHARACTERS IN THE MARK IS "DOUBLE SWALLOW BRAND".

FOR: RICE, RICE STICK, AND RICE VERMICELLI, IN CLASS 30 (U.S. CL. 46).

FIRST USE 4-1-1979; IN COMMERCE 4-1-1979.

SER. NO. 73-774,617, FILED 1-13-1989.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Dec. 7, 1999.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# Exhibit 2

**(To Complaint)**



# Exhibit 3

**(To Complaint)**









廣東米粉　　　五大皇牌

## Nutrition Facts

Serving Size 4 oz (114g)
Servings Per Container 4

**Amount Per Serving**

Calories 400　Calories from Fat 0

| | % Daily Value |
|---|---|
| **Total Fat** 0g | 0% |
| Saturated Fat 0g | 0% |
| Trans Fat 0g | |
| **Cholesterol** 0g | 0% |
| **Sodium** 3mg | 0% |
| **Total Carbohydrate** 88g | 29% |
| Dietary Fiber 0g | 0% |
| Sugars 0g | |
| **Protein** 11g | |
| Vitamin A | 0% |
| Vitamin C | 0% |
| Calcium | 0% |
| Iron | 0% |

*Percent Daily Values are based on a 2,000 calorie diet. Your daily values may be higher or lower depending on your calorie needs.

| | | Calories: | 2,000 | 2,500 |
|---|---|---|---|---|
| Total Fat | Less than | | 65g | 80g |
| Sat Fat | Less than | | 20g | 25g |
| Cholesterol | Less than | | 300mg | 300mg |
| Sodium | Less than | | 2,400mg | 2,400mg |
| Total Carbohydrate | | | 300g | 375g |
| Dietary Fiber | | | 25g | 30g |

DIRECTIONS FOR PREPARATION



Nov. 19, 2018

廣東米粉  五大皇牌

美國商標註冊登記，仿冒必究!



DOUBLE SWALLOW BRAND

双燕牌®

江門排粉

KONG MOON



# Exhibit 4

**(To Complaint)**











