

WRITER'S DIRECT DIAL
(914) 723-4394
rgolden@LSLLP.com

May 16, 2018

**Via ECF**

Hon. Raymond J. Dearie, U.S.D.J.,
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *WM International, Inc. et al. v. 99 Ranch Market et al.,* **17-cv-06198-RJD-RER**

Dear Judge Dearie:

  We represent Plaintiffs in the above referenced matter and write responsive to the letter from defendants Tristar Food Wholesale Co. Inc., Welcome California Market, Inc. and Renhe Market, Inc., dated May 14, 2018, requesting an extension of time to answer or move in response to Plaintiffs' amended complaint (ECF Docket # 24). As counsel for Defendants correctly stated, Plaintiffs object to Defendants' request for an extension of time.

  Plaintiffs amended their complaint in direct response to issues raised by Defendants by way of their pre-motion letter dated January 5, 2018, and in the subsequent pre-motion hearing. In their letter and argument, Defendants alleged that Plaintiffs had identified incorrect parties. Thus, in the amended complaint, Plaintiffs added the parties Defendants had identified as the correct parties. Based on inconsistencies appearing in the public record, as detailed in the amended complaint, Plaintiffs also retained the "old" defendants as named parties.

  Now, after previously arguing that they had sufficient information to justify a motion to dismiss, Defendants claim that they do not have sufficient information to answer or move with respect to the amended complaint. Specifically, counsel for Defendants now alleges: "I am working with my clients to determine which of the new defendant entities exist, and which of them are or may be involved in the conduct alleged in the Amended Complaint. Such determination is a prerequisite to my clients' decision whether and how to answer or move in response to the Amended Complaint."

  From the nature of Defendants' previous letter and arguments to the Court, it appeared that Defendants already knew which entities existed and which did not, and which entities were involved in the infringing conduct. Indeed, the complaint was amended to name the very entities that Defendants had identified in their pre-motion letter. Surprisingly, having previously argued



Hon. Raymond J. Dearie, U.S.D.J.,
May 16, 2018
Page 2

that Plaintiffs identified the wrong parties, Defendants offer no explanation as to why they no longer know which parties are the correct parties.  This is the most fundamental of information and should not require extensive investigation.

      Moreover, determining which parties exist and which do not, and which were and were not involved in the infringing activities is information solely within the Defendants' control.  In contrast to the service of an original complaint, the service of the amended complaint and the issues raised thereby, did not come as a surprise to Defendants.  Defendants offer no explanation whatsoever why the standard time provided by the Federal Rules is insufficient for them to make these determinations.  Based on the nature of their prior filings, Defendants already appeared to be in possession of the relevant information.  To the extent that the amended filing did raise new issues, Defendants could have, and should have, addressed them promptly.

      In the absence of an explanation as to why the Defendants need more time, the request for an extension should be denied.  Given the nature of the wrongs alleged in the amended complaint – trademark infringement and related torts – the harm to Plaintiffs is ongoing, and Plaintiffs desire to have these matters adjudicated as quickly as possible.

      Thank you for your attention to this matter.

      Very truly yours,

      **LACKENBACH SIEGEL LLP**

      *Rob Golden*

      Robert B. Golden

cc: counsel for Defendants (via ECF)