

WRITER'S DIRECT DIAL<br>
(914) 723-4394<br>
rgolden@LSLLP.com

May 23, 2018

**Via ECF**

Hon. Raymond J. Dearie, U.S.D.J.,
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *WM International, Inc. et al. v. 99 Ranch Market et al.*, **17-cv-06198-RJD-RER**

Dear Judge Dearie:

    We represent Plaintiffs in the above referenced matter and write responsive to the letter from defendants Tristar Food Wholesale Co. Inc., Welcome California Market, Inc. and Renhe Market, Inc., dated May 16, 2018 (ECF Docket # 27), seeking leave to file a motion to dismiss. In the May 16th letter, Defendants indicated they were filing the letter to preserve their rights because the Court had not yet ruled on Defendants' motion for an extension of time to answer Plaintiffs' amended complaint. Subsequent to the May 16th letter, on May 22, 2018, Magistrate Judge Reyes, Jr. granted Defendants' motion for an extension of time.

    Immediately after receipt of the ECF notice of Magistrate Judge Reyes' Order, Plaintiffs corresponded with Defendants to inquire if the Order mooted Defendants' May 16th letter. Admittedly, only a short time has passed since Plaintiffs' inquiry, but in light of the Court's Individual Rules of Practice as they relate to responding to letters from opposing counsel, Plaintiffs are required to respond. We do so to preserve Plaintiffs' rights, with the understanding that Defendants may wish to proceed by way of answer, rather than motion.

    Nevertheless, assuming Defendants do wish to proceed by way of motion, Plaintiffs object. Plaintiffs amended their complaint in direct response to issues raised by Defendants by way of their pre-motion letter dated January 5, 2018, and in the subsequent pre-motion hearing. In their letter and argument, Defendants alleged that Plaintiffs had identified incorrect parties. Thus, in the amended complaint, Plaintiffs added the parties Defendants had identified as the correct parties. Based on inconsistencies appearing in the public record, as detailed in the amended complaint and explained separately to Defendants, Plaintiffs also retained the "old" defendants as named parties.



Hon. Raymond J. Dearie, U.S.D.J.,
May 23, 2018
Page 2

      Any Rule 12 motion to dismiss made at this stage of the litigation, based on mis-identification of the defendants, would be futile.  In the amended complaint and in its letters to this Court, Plaintiffs have explained their good faith belief for naming all of the Defendants appearing in the amended complaint.  The amended complaint sets forth a *prima facie* showing of jurisdiction over all of the named defendants.  At this stage, prior to discovery, that is all that is required.  Thus, any motion to dismiss necessarily would be based on information outside of the amended complaint.  Accordingly, before the Court could grant any such motion, Plaintiffs would be entitled to take jurisdiction-related discovery.  *See Ball v. Metallurgie Hoboken-Overpelt*, S.A., 902 F.2d 194, 197 (2d Cir. 1990).  Defendants should not be permitted to refuse to provide relevant information and simultaneously move to dismiss based on information solely within their control.

      With respect to the necessary party issue and service of the Chinese national, Plaintiffs amended the complaint to make clear that the trademark registration cancellation claim is directed only to the individual trademark owner / defendant (Liu), and not to all defendants generally.  As explained in detail in Plaintiffs' January 11, 2018, letter to the Court (ECF No. 20), the trademark owner is only a necessary party with respect to the cancellation claim.  He is not necessary with respect to any of the other infringement-based claims.  Any motion making a contrary argument would be sanctionable.  As Judge Sweet of the Southern District has explained where the "missing" party was merely one of numerous potential defendants: "[The missing potential defendant] is not indispensable within the meaning of Rule 19(b) because of the doctrine that in a trademark case any member of the distribution chain can be sued as an alleged joint tortfeasor." *Make Up For Ever, S.A. v. Soho Forever, LLC*, 198 F.R.D. 56, 60 (S.D.N.Y. 2000) (citing *inter alia, In Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir. 2000)).

      Thank you for your attention to this matter.

                              Very truly yours,

                              **LACKENBACH SIEGEL LLP**

                              *Rob Golden*

                              Robert B. Golden

cc: counsel for Defendants (via ECF)